VINING *v.* MILLAR.

POSSESSION OF CHATTELS—INCONSISTENT CLAIMS.

A claim that the possession of chattels by a member of the firm
which owned them was a possession as managing partner,
and, at the same time, a possession as the mortgagee in an
unrecorded mortgage, is not consistent, and will not be sus-
tained where the rights of subsequent mortgagees are con-
cerned.

Error to Wayne; Donovan, J. Submitted April 20,
1899. Decided September 19, 1899.

Replevin by James B. Vining and Donald Ferguson
against Charles Millar and David W. Fox. From a judg-
ment for defendants on verdict directed by the court,
plaintiffs bring error. Affirmed.

*F. L. Brooke* (*Thomas S. Jerome*, of counsel), for
appellants.

*Moore & Moore*, for appellees.

GRANT, C. J. This case is before us for the third time.
For statement of facts and the issue involved, see 109
Mich. 205, and 116 Mich. 144. Upon this trial the court
directed a verdict for the defendants for the amount due
Millar on his mortgage. It is now claimed that there was
evidence to show that plaintiffs, through Vining, had
possession all the time under their mortgage, and that,
when Vining was taken sick, Stilson took his place, and
held possession under the same authority. The question
of possession was the vital point in issue on the second
trial. The case was reversed on the ground that there
was no evidence that plaintiffs were in possession as mort-
gagees. Plaintiffs insisted on the second trial that they
were in possession as mortgagees. In their brief on the

second appeal to this court they say: "Plaintiffs had a lien, and defendants had a lien; but plaintiffs perfected their lien by possession, either immediately, or, at least, before defendants did." The same witnesses testified upon the third trial as upon the second. Ferguson's testimony differs from that given before only in that he testified upon the last trial: "Vining was to go and take possession under our mortgage, as well as for the partnership, and he was to manage the partnership; but that partnership was additional security as regards our mortgage." We do not think there is such a difference in the evidence as to justify a reversal and a new trial. How could Vining be in possession as managing partner, and still be in possession as the mortgagee in an unrecorded mortgage? The two are inconsistent, when the rights of subsequent mortgagees are concerned.

Judgment affirmed.

HOOKER, MOORE, and LONG, JJ., concurred. MONTGOMERY, J., did not sit.