FAGERBERG v LeBLANC

Docket No. 89332. Submitted May 6, 1987, at Marquette. Decided
November 3, 1987.

Raymond V. and Ruth Fagerberg brought an action in the
Marquette Circuit Court against James and Emeline LeMire
and others for fraud and misrepresentation with regard to a
land contract purchase. The LeMires brought a third-party
complaint against Lillian Roberts LeBlanc, alleging that she
was the source of the misrepresentation which resulted in
delays and increased construction costs to plaintiffs. Prior to
the running of the six-year period of limitations, plaintiffs
moved to be substituted as parties against LeBlanc. The court
allowed plaintiffs to amend their complaint to name LeBlanc as
a principal defendant. After trial, the court awarded a judg-
ment against LeBlanc but denied certain consequential dam-
ages, Edward A. Quinnell, J. LeBlanc appealed and plaintiffs
cross-appealed.

The Court of Appeals *held:*

1. The running of a period of limitations is tolled when the
complaint is filed and a copy of the complaint, along with a
summons, is served on the defendant, or when jurisdiction over
the defendant is otherwise acquired. In addition, a motion to

REFERENCES

Am Jur 2d, Damages §§ 80 *et seq.*

Am Jur 2d, Fraud and Deceit §§ 105 *et seq.*; 123 *et seq.*; 403 *et seq.*

Am Jur 2d, Limitation of Actions §§ 58-60, 138 *et seq.*

Necessity of real-estate purchaser's election between remedy of
rescission and remedy of damages for fraud. 40 ALR4th 627.

Recovery of punitive damages in action by purchasers of real
property charging fraud or misrepresentation. 19 ALR4th 801.

Liability of builder-vendor or other vendor of new dwelling for loss,
injury, or damage occasioned by defective condition thereof. 25
ALR3d 383.

Comment Note.—"Out of pocket" or "benefit of bargain" as proper
rule of damages for fraudulent representations inducing contract
for the transfer of property. 13 ALR3d 875.

See also the annotations in the Index to Annotations under Limita-
tion of Actions.

See also the annotations in the Index to Annotations under Sale
and Transfer of Property.

add a party defendant, to amend the complaint to add such a party, or to substitute a party tolls the running of the period of limitation during the time in which the motion is pending. Since the running of the period of limitations was tolled during the pendency of plaintiffs' motion to substitute parties, plaintiffs' complaint against LeBlanc was timely.

2. The trial court correctly assessed plaintiffs' damages to be the difference between the value of the property as represented and the value of the property actually received as of the date of the purchase.

3. In a tort action, the tortfeasor is liable for all injuries resulting directly from his wrongful act, whether foreseeable or not, provided that the damages are the legal and natural consequences of the wrongful act and are such as, according to common experience in the usual course of events, might reasonably have been anticipated. The court erred in not allowing attorney and surveyor fees, miscellaneous acquisition costs and increased construction costs as elements of damages.

Affirmed in part, reversed in part and remanded.

1. LIMITATION OF ACTIONS — FRAUD.

The limitation period for actions for fraud or misrepresentation is six years (MCL 600.5813; MSA 27A.5813).

2. LIMITATION OF ACTIONS — TORTS.

The period of limitations in fraud or misrepresentation actions begins to run on the date the plaintiff knew or should have known of the misrepresentation.

3. LIMITATION OF ACTIONS — TOLLING.

The running of the period of limitations is tolled when the complaint is filed and a copy of the complaint, along with a summons, is served on the defendant, or when jurisdiction over the defendant is otherwise acquired; in addition, a motion to add a party defendant, to amend the complaint to add such a party, or to substitute a party tolls the running of the period of limitation during the time in which the motion is pending.

4. DAMAGES — REAL PROPERTY — FALSE REPRESENTATIONS.

Persons who acquire property about which false representations as to value, quality or condition have been made are entitled to damages equal to the difference between the actual value of the property at the time of the contract and the value it would have had if the representations had been true.

5. TORTS — DAMAGES.

In a tort action, the tortfeasor is liable for all injuries resulting

directly from his wrongful act, whether foreseeable or not, provided that the damages are the legal and natural consequences of the wrongful act and are such as, according to common experience in the usual course of events, might reasonably have been anticipated.

*Steward, Peterson, Sheridan & Nancarrow* (by *James B. Steward*), for plaintiff.

*Kendricks, Bordeau, Adamini, Keefe, Smith & Girard, P.C.* (by *Stephen F. Adamini*), for defendant.

Before: J. H. GILLIS, P.J., and J. B. SULLIVAN and M. J. TALBOT,* JJ.

PER CURIAM. Defendant Lillian Roberts LeBlanc appeals as of right, arguing that the trial court erred in finding that plaintiffs' claim against LeBlanc was not barred by the statute of limitations. Plaintiffs cross-appeal regarding the amount of damages awarded to them following a bench trial on their claim of fraud and misrepresentation.

In May, 1967, defendants James and Emeline LeMire along with James and Karen Radtke entered into a land contract with defendant LeBlanc for the purchase of certain real property. Prior to execution of a deed, the Radtkes assigned their interest in the land contract to the LeMires. In 1972, defendant LeBlanc conveyed the property to the LeMires by warranty deed. Plaintiffs purchased the property from the LeMires in June of 1973, and subsequently began construction of a permanent residence on the property. The sale was handled by defendant Acre Realty and its agent, defendant Theodore H. Hokenson. During negotiations for the sale of the property, Hokenson

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

made several representations to plaintiffs concerning the property, some of which concerned the location of the boundary lines. These representations were later discovered to be untrue. After beginning construction on the residence, plaintiffs discovered that the basement was located outside the property line. A survey of the property revealed that the west property line was considerably farther to the east than what plaintiffs were told. Thereafter, plaintiffs filed the instant action against the LeMires, Acre Realty, and Hokenson alleging fraud and misrepresentation.

The LeMires subsequently filed a third-party complaint against LeBlanc, their predecessor in title, alleging that she or her agent was the original source of the property line misrepresentation. The LeMires were ultimately dismissed from the instant action after filing for and obtaining a discharge in bankruptcy.

At a pretrial conference held on August 17, 1981, plaintiffs filed a pretrial statement indicating their intent to assert a claim directly against LeBlanc. On August 24, 1981, plaintiffs filed an "Assignment of Cause of Action" in which the LeMires purported to assign their third-party claim against LeBlanc to plaintiffs. LeBlanc filed a motion to dismiss the third-party complaint arguing that any judgment rendered against the LeMires would be invalid due to their discharge in bankruptcy and further that the cause of action was not assignable at common law. Thereafter, plaintiffs filed a motion for substitution of parties requesting that they be substituted as parties plaintiff against LeBlanc as the real parties in interest.

Following a hearing on the parties' motion the trial court concluded that plaintiffs could not derive a cause of action from the assignment of the

third-party claim due to the LeMires' discharge in bankruptcy. In an order entered July 23, 1982, the trial court granted defendant LeBlanc's motion to dismiss the third-party claim, but allowed plaintiffs thirty days to amend their complaint to name LeBlanc as a principal defendant. On August 19, 1982, plaintiffs filed an amended complaint naming LeBlanc as a principal defendant and alleging that she had misrepresented the location of the property lines to her successors in title.

Defendant LeBlanc subsequently moved for accelerated judgment asserting among other things that plaintiffs' claim was barred by the statute of limitations. The trial court denied defendant's motion, holding that the amended complaint related back to the third-party pleadings and, therefore, was brought before the period of limitations had run.

Following a bench trial, the trial court found that plaintiffs had a valid cause of action against LeBlanc but that there was no cause of action against Hokenson and Acre Realty because the misrepresentations by Hokenson were not made purposely or recklessly. The trial court awarded $6,800 in damages along with interest. The trial court ruled that plaintiffs were not entitled to certain consequential damages.

On appeal, defendant LeBlanc asserts that the trial court erred in finding that plaintiffs' claim was not barred by the statute of limitations. We disagree.

In actions for fraud or misrepresentation the applicable limitation period is six years. MCL 600.5813; MSA 27A.5813; *Kwasny v Driessen,* 42 Mich App 442, 445-446; 202 NW2d 443 (1972). In a tort action, the period of limitations "runs from the date the tort was committed, not the date the actor put his or her force wrongfully into motion."

*Williams v Polgar,* 391 Mich 6, 23; 215 NW2d 149 (1974). The period of limitations does not begin running until the date when plaintiff knew or should have known of the misrepresentation. *Id.,* p 25. In the instant case, the period of limitations began to run on July 26, 1976, when plaintiffs were informed of the property line discrepancies by the surveyor. Applying the limitations period to the discovery date, the period of limitations would have run on July 26, 1982, unless it was tolled by some action on the part of plaintiffs.

In the instant case, the trial court denied defendant LeBlanc's motion for accelerated judgment on the ground that plaintiffs' amended complaint related back to the third-party complaint. Although we disagree with the basis of the trial court's ruling, that the amended complaint related back to the third-party complaint [see *Higginbotham v Fearer Leasing, Inc,* 32 Mich App 664; 189 NW2d 125 (1971)], we conclude that the denial of defendant LeBlanc's motion for accelerated judgment was correct.

The running of the period of limitations is tolled when the complaint is filed and a copy of the complaint, along with a summons, is served on the defendant, or when jurisdiction over the defendant is otherwise acquired. MCL 600.5856; MSA 27A.5856. In addition, this Court has held that a motion to add a party defendant or to amend the complaint to add such a party tolls the running of the period of limitation during the time in which the motion is pending. In *Moore v Flower,* 108 Mich App 214, 217; 310 NW2d 336 (1981), remanded 414 Mich 897 (1982), on remand 121 Mich 235; 329 NW2d 35 (1982), this Court stated:

Application of statutes of limitations is a counting procedure with a primary purpose being to

give the parties and the courts a specific time at which the statutory bar goes into effect. We find that the Supreme Court order in *Charpentier, supra,* [*Charpentier v Young,* 403 Mich 851; 291 NW2d 926 (1978)] applies such a rule and hold that, when a plaintiff moves to add a party defendant or to amend a complaint to do so, the statute of limitations is tolled during the time in which the motion to add parties or amend the complaint is pending in the trial court.

See also *Thomas v Process Equip Corp,* 154 Mich App 78, 85-86; 397 NW2d 224 (1986); *Fazzalare v Desa Industries, Inc,* 135 Mich App 1, 5-6; 351 NW2d 886 (1984).

In the instant case, prior to the running of the period of limitations, plaintiffs filed a motion for substitution of parties requesting that they be substituted as parties plaintiff against LeBlanc as the real party in interest. Although certainly not the technical equivalent of a motion to add a party defendant or to amend the complaint, plaintiffs' motion had the same effect, i.e., bringing a direct action against defendant LeBlanc. We conclude that plaintiffs' motion for substitution of parties should be treated as the functional equivalent of a motion to amend the complaint or to add a party defendant. Therefore, pursuant to *Thomas, supra, Fazzalare, supra,* and *Moore, supra,* the running of the period of limitations was tolled during the pendency of plaintiffs' motion. Plaintiffs' motion was pending before the trial court for almost eleven months because of delays occasioned through no fault of the parties. With the tolling of the running of the period of limitations during this time, plaintiffs' amended complaint asserting a direct cause of action against defendant LeBlanc was filed in a timely fashion. Accordingly, plaintiffs' cause of action was not barred by the statute of limitations.

In a cross-appeal, plaintiffs challenge the amount of damages awarded by the trial court. Plaintiffs' challenge is twofold. First, plaintiffs assert that the trial court erred by awarding plaintiffs damages in the amount of the difference between the value of the property as represented and the value of the property actually received as of the date of purchase. Plaintiffs contend that they should have been awarded the value difference as measured in 1976 when they discovered the misrepresentation. We disagree.

It is a well-settled rule of damages that, if a person is led to purchase land by representations which prove untrue, the measure of damages in a tort action where there is no rescision is the difference between the actual value of the land at the time of contract and the value it would have possessed had the representations been true. *Paquin v Van Houtum,* 343 Mich 111, 123; 72 NW2d 169 (1955); *Williams v American Title Ins Co,* 83 Mich App 686, 701; 269 NW2d 481 (1978). Plaintiffs were not entitled to have value-difference damages measured as of the date of discovery of the misrepresentation.

Plaintiffs also assert that the trial court erred in refusing to award consequential damages resulting from the misrepresentation, such as the surveyor's fees expended, the attorney fees expended to correct the title deficiency, miscellaneous costs to secure title to the property previously represented as theirs, increased construction costs due to delay, and losses incurred as a result of a delay in selling their former home.

In a tort action, the tortfeasor is liable for all injuries resulting from his wrongful act, whether foreseeable or not, provided that the damages are the legal and natural consequences of the wrong-

ful act and might reasonably have been antici-
pated. *Sutter v Biggs,* 377 Mich 80; 139 NW2d 684
(1966); *Wendt v Auto-Owners Ins Co,* 156 Mich
App 19, 25; 401 NW2d 375 (1986).

We conclude that the attorney and surveyor fees
($2,242.67 and $1,448.75, respectively), miscellane-
ous acquisition costs ($462.50), and increased con-
struction costs occasioned by the delay ($20,000),
represent damages which were actually and proxi-
mately caused by defendant LeBlanc's misrepre-
sentation. Further, these damages are of a type
which might reasonably have been anticipated by
defendant. Accordingly, the trial court erred in
disallowing recovery for these consequential dam-
ages.

We disagree with plaintiffs' assertion that they
are entitled to consequential damages for losses
incurred as a result of a delay in selling their
former residence. Although plaintiffs began con-
struction of a new residence on the property in
question while still owning their former residence,
there was no evidence indicating that any poten-
tial purchasers were refused because plaintiffs
were unable to move into their new residence as
planned. Therefore, these damages would be
purely speculative and were properly disallowed.

In summary, we affirm the trial court as to
liability and remand so that the trial court may
award consequential damages in conformity with
this opinion.

Affirmed in part, reversed in part and re-
manded.