*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEREDITH STEELE and BEVERLY STEELE,

Plaintiffs-Appellants,

v

RAYMOND WINFIELD, PATRICK MCLAUGHLIN, TERRI BOTT KOTHARI, JULIE FORSTNER, ASCENSION PROVIDENCE HOSPITAL, f/k/a PROVIDENCE PARK HOSPITAL, d/b/a PROVIDENCE PARK HOSPITAL NOVI, PROVIDENCE CANCER CENTER, METROPOLITAN HEALTH CORPORATION, d/b/a CANCER CENTER AT METRO HEALTH VILLAGE, d/b/a METRO HEALTH CANCER CENTER, d/b/a METRO HEALTH, METROPOLITAN HOSPITAL, d/b/a CANCER CENTER AT METRO HEALTH VILLAGE, d/b/a METRO HEALTH CANCER CENTER, and MICHIGAN UROLOGICAL INSTITUTE,

Defendants,

and

BRUCE A. JONES, GREAT LAKES ENDOSCOPY CENTER, GREAT LAKES GASTROENTEROLOGY, and GLEC MANAGEMENT,

Defendants-Appellees.

FOR PUBLICATION
September 22, 2022
9:05 a.m.

No. 357935
Oakland Circuit Court
LC No. 2020-181924-NH

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

-1-

For more than 40 years, civil plaintiffs have relied on the tolling of applicable statutes of limitation while a motion to add defendants is pending. As long as the plaintiff "demonstrated due diligence," *Charpentier v Young*, 403 Mich 851; 291 NW2d 926 (1978), the limitations periods have been tolled as a matter of course. The circuit court erroneously rejected this binding precedent. The circuit court compounded its error by finding that Meredith Steele[1] did not demonstrate due diligence despite that he filed his motion to amend the complaint to add new defendants within the applicable statute of limitations for the claims against those defendants. We vacate the order summarily dismissing Steele's complaint against the added defendants and remand for continued proceedings.

## I. BACKGROUND

In 2017, Meredith Steele was diagnosed with prostate cancer. The non-appellee defendants (the Providence defendants) were involved in his cancer treatment and care. His treatment included implanting 56 radiation seeds near the source of the cancer, including the rectum, followed by external radiation treatments. Steele experienced severe rectal pain and bleeding as well as urinary difficulties after the seed implantation. These issues worsened over time. One of Steele's treating physicians referred him for a colonoscopy with defendants-appellees (the Great Lakes defendants). On June 27, 2018, the Great Lakes defendants performed the colonoscopy. Dr. Bruce A. Jones discovered a rectal ulcer. He took biopsy samples that tested benign. However, subsequent treatment of the ulcer was unsuccessful and Steele's condition continued to deteriorate. On February 12, 2019, Steele underwent extensive surgery at the Cleveland Clinic to remove parts of his intestines and to install a colostomy. Steele's condition did not sufficiently improve and he eventually required "a total pelvic exenteration."

On July 16, 2019, Steele served his first notice of intent to file a medical malpractice suit against the Providence defendants. He filed his original complaint against those defendants on June 22, 2020. The next day, June 23, 2020, Steele served an amended notice of intent on the parties involved in the colonoscopy and ulcer treatment (the Great Lakes defendants). Steele did not file his motion to file an amended complaint until December 28, 2020. The circuit court entered an order granting the uncontested motion on January 7, 2021, ordering Steele to file his amended complaint by January 14, 2021. Steele filed his amended complaint the following day.

As Steele underwent the colonoscopy on June 27, 2018, the statute of limitations for his claims against the Great Lakes defendants expired on June 27, 2020. MCL 600.5805(8). However, service of the amended notice of intent tolled the statute of limitations for 91 days. MCL 600.2912b(3); MCL 600.5856(c). The Supreme Court also issued special orders temporarily revising court rules because of the COVID-19 pandemic. This tolled the statute of limitations for an additional 102 days. See Amended Administrative Order 2020-3, 505 Mich lxxiv (2020).

The Great Lakes defendants calculated the expiration of the statute of limitations with these various tolling periods as January 6, 2021. As Steele filed his amended complaint on January 7,

---

[1] Beverly Steele's claims are derivative of her husband's. Accordingly, we refer to Meredith Steele as the singular plaintiff throughout.

the Great Lakes defendants sought summary disposition of the claims against them under MCR 2.116(C)(7).

Steele contested the motion because the Great Lakes defendants "did not consider that the statute of limitations was tolled for 9 extra days" while Steele's motion to amend the complaint to add these defendants was pending pursuant to *Charpentier v Young*, 403 Mich 851; 291 NW2d 926 (1978). Therefore, the statute of limitations did not expire until January 15, 2021.

The Great Lakes defendants argued that *Charpentier* cited no statute or court rule to support the tolling of a statute of limitations while a motion to amend to add parties is pending. More recent Supreme Court precedent rejected such equitable tolling principles absent "unusual circumstances, such as fraud, mutual mistake, or where confusion regarding the law has been created by the courts." The Great Lakes defendants further contended that the published Court of Appeals cases relying on *Charpentier* all issued in the 1970s and 1980s and therefore were not precedentially binding.

Even if *Charpentier* and its progeny were binding, the Great Lakes defendants argued that the statute of limitations was not tolled as Steele failed to act with due diligence. Specifically, the Great Lakes defendants noted that the Providence defendants had advised Steele that the Great Lakes defendants may be at fault during negotiations even before Steele filed his initial complaint. Further, the 91-day notice tolling period following service of the amended notice of intent expired in September 2020. Steele could have sought to file his amended complaint any time after that. Instead, Steele waited until December 28, 2020, only nine days before the statute of limitations expired.

The circuit court ultimately granted the Great Lakes defendants' motion for summary disposition as follows:

> Here, there is no factual dispute regarding the relevant timeline of events. The Court concludes that Plaintiff's claim against the Defendants is barred by the statute of limitations for the reasons argued by the Defendants. Equitable tolling is not warranted in this matter for the reasons argued by the Defendants. For the sake of argument, if *Charpentier v Young*, 403 Mich 851 (1978), compelled this Court to conclude that equitable tolling was permissible upon a showing of due diligence by the Plaintiff, the Court concludes that Plaintiffs have not made a showing of due diligence.

The court subsequently denied Steele's motion for reconsideration.

This Court granted Steele's application for leave to appeal this dismissal. *Steele v Winfield*, unpublished order of the Court of Appeals, entered December 15, 2021 (Docket No. 357935).

## II. ANALYSIS

We review de novo a circuit court's resolution of a summary disposition motion. Summary disposition is warranted under MCR 2.117(C)(7) when a claim is barred by the applicable statute of limitations. *Magee v DaimlerChrysler Corp*, 472 Mich 108, 111; 693 NW2d 166 (2005).

Whether Steele's complaint against the Great Lakes defendants was timely filed depends on whether the limitations period was tolled while his motion to amend was pending. In *Charpentier*, 403 Mich at 851, in lieu of granting leave to appeal, the Supreme Court reversed this Court, set aside the accelerated judgments entered by the trial court in the defendants' favor, and remanded to the trial court for further proceedings. The Court's reasoning for this decision was as follows: "The statute of limitations was tolled for 21 days, from March 10 to March 31, 1976, the time during which the motion to amend complaint and add party defendants was pending, plaintiffs having demonstrated due diligence by seeking a decision on their motion within three weeks." *Id*.

The Great Lakes defendants contend that this Supreme Court order is not binding precedent. "An order that is a final Supreme Court disposition of an application and that contains a concise statement of the applicable facts and reasons for the decision is binding precedent." *Dykes v William Beaumont Hosp*, 246 Mich App 471, 483; 633 NW2d 440 (2001). "These requirements derive from" Const 1963, art 6, § 6 "and can be satisfied by referring to another opinion." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012) (citations omitted).

*Charpentier*, 403 Mich 851, was "a final Supreme Court disposition of an application." It contained "a concise statement of the applicable facts"—that the plaintiff filed a motion to amend the complaint to add named defendants. The order explained the "reasons for the decision"—the plaintiff acted with due diligence by filing the motion to amend within three weeks of learning the defendants should be added. Based on the facts and reasoning cited in the order, the Supreme Court held that the statute of limitations was tolled while the motion to amend was pending. *Charpentier* meets all the requirements to be precedentially binding on this Court.

Citing a trio of Michigan Supreme Court cases, the Great Lakes defendants contend that the Court has restricted the use of equitable tolling since *Charpentier*. In *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 432-433; 684 NW2d 864 (2004), the plaintiff filed a claim of ordinary negligence within the six-year statute of limitations for such a claim, but the Court determined that the claim actually sounded in medical malpractice. The plaintiff did not file the complaint within the two-year limitation period for medical malpractice claims. The Supreme Court held that the statute of limitations must be tolled to serve the interests of justice:

> The distinction between actions sounding in medical malpractice and those sounding in ordinary negligence is one that has troubled the bench and bar in Michigan. . . . Plaintiff's failure to comply with the applicable statute of limitations is the product of an understandable confusion about the legal nature of her claim, rather than a negligent failure to preserve her rights. Accordingly, for this case and others now pending that involve similar procedural circumstances, we conclude that plaintiff's medical malpractice claims may proceed to trial along with plaintiff's ordinary negligence claim. [*Id*. at 432.]

Moving forward, however, the Supreme Court directed plaintiffs to protect their rights by filing alternating claims for medical malpractice and ordinary negligence within a two-year period. *Id*. at 432-433.

In *Devillers v Auto Club Auto Ass'n*, 473 Mich 562, 564; 702 NW2d 539 (2005), the Court reconsidered an earlier decision that tolled the no-fault act's one-year-back rule "from the time a specific claim for benefits is filed to the date the insurer formally denies liability." The majority rejected the rule as a violation of the separation of powers doctrine, a judicial intrusion into the Legislature's policy-making role. *Id.* at 588-589. The majority explained: "Although courts undoubtedly possess equitable power, such power has traditionally been reserved for unusual circumstances such as fraud or mutual mistake. A court's equitable power is not an unrestricted license for the court to engage in wholesale policymaking . . . ." *Id.* at 591 (quotation marks and citations omitted).

In *Trentadue v Gordon*, 479 Mich 378, 382; 738 NW2d 664 (2007), the Court

> consider[ed] whether the common-law discovery rule, which allows tolling of the statutory period of limitations when a plaintiff could not have reasonably discovered the elements of a cause of action within the limitations period, can operate to toll the period of limitations, or whether MCL 600.5827, which has no such provision, alone governs the time of accrual of the plaintiff's claims.

The Court held that the statute alone controls. *Id.* The Court reasoned, "A plaintiff's right to due process is not violated because a desired remedy is no longer available; every statute of limitations deprives plaintiffs of a remedy at the moment the period of limitations expires." *Id.* at 403. The Court continued:

> Given the Legislature's unquestioned power, the only question we must ask—as with any due process analysis of a statute that involves neither a suspect classification such as race, alienage, ethnicity or national origin, nor a deprivation of a fundamental right—is whether it bears a reasonable relation to a permissible legislative objective. Statutes of limitations serve the permissible legislative objective of relieving defendants of the burden of defending claims brought after the time so established. This Court has also explained that if the Legislature can entirely abrogate a common-law right, surely it may provide that a particular cause of action can no longer arise unless it accrues within a specified period of time. [*Id.* at 403-404 (cleaned up).]

None of these cases overrule the specific principle outlined in *Charpentier*—that the statute of limitations is tolled while a motion to amend a complaint to add defendants is pending. This Court has no authority to reconsider or overrule Supreme Court precedent. *Charpentier* remains good law until the Supreme Court decides it isn't. See *State Treasurer v Sprague*, 284 Mich App 235, 242; 772 NW2d 452 (2009). And contrary to the Great Lakes defendants' assertion,

*Charpentier*'s precedential value is not negated simply because this Court has not expressly cited it in a published opinion in recent years.[2]

The only question left is whether Steele used due diligence in seeking to add the Great Lakes defendants to the lawsuit.

The Great Lakes defendants insist that Steele did not demonstrate due diligence because he could have filed his amended complaint as early as September 22, 2020, 91 days after serving the notice of intent upon them. However, a plaintiff is not required to file a complaint immediately upon the expiration of the notice of intent tolling period. This Court's decisions support that Steele exercised due diligence. In *Faberberg v LeBlanc*, 164 Mich App 349, 355; 416 NW2d 438 (1987), the only thing the plaintiffs did for its motion to be filed with due diligence was to file it before the statute of limitations expired on the claims. Compare *Thomas v Processing Equipment Corp*, 154 Mich App 78, 86; 397 NW2d 224 (1986) ("In this case, plaintiffs did not move to amend their complaint until the period of limitation had already run; tolling the period of limitation while the motion was pending would make no difference.") Although these decisions were issued before November 1, 1990, this Court's published decisions are considered precedent under MCR 7.215(C)(2) and the principles of stare decisis. See *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018). The precedential effect of a case should not be rejected "simply because it is an older case." *Id*.

Basic hornbook law provides that a plaintiff is permitted to file a complaint within the statute of limitations. Steele filed his motion to file an amended complaint within the statutory limitations period and tolled the running of that period until the circuit court made its decision. Steele then filed his amended complaint before the statute of limitations expired. This was due diligence and the Great Lakes defendants were not entitled to the dismissal of the claims against them.

We vacate the order summarily dismissing Steele's complaint against the Great Lakes

---

[2] Although not a published opinion, this Court quite recently relied upon *Charpentier* in *Estate of French v Life Christian Int'l, Inc*, unpublished opinion of the Court of Appeals, issued January 13, 2022 (Docket No. 355419). In a unanimous opinion, this Court noted:

> Plaintiff's statute of limitations concerns regarding any COVID-related or other delays in having its motion to amend timely heard and decided by the circuit court were groundless. The statute of limitations is tolled during the time a motion to amend the complaint to add parties is pending as long as the moving party is reasonably diligent in seeking amendment. See *Charpentier v Young*, 403 Mich 851; 291 NW2d 926 (1978), *McNeil v Quines*, 195 Mich App 199, 203; 489 NW2d 180 (1992); and *Fagerberg v LeBlanc*, 164 Mich App 349, 354; 416 NW2d 438 (1987). [*Estate of French*, p 5.]

defendants and remand for continued proceedings.  We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Sima G. Patel