985 F.2d 561
 RICO Bus.Disp.Guide 8203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROYAL FOOD PRODUCTS, INC., Plaintiff-Appellant,
v.
BUCKEYE UNION INSURANCE COMPANY; Seasonings Etcetera, Inc.;
American States Insurance Company; Lane, Alton & Horst;
Wirtz & Kohn; Crabbe, Brown, Jones, Potts & Schmidt;
Timothy McCarthy; and Florence Nay, Defendants-Appellees.
 No. 92-3201.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1993.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and EDGAR, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Royal Food Products, Inc. appeals the district court's order of dismissal and sanctions for Defendants-Appellees. The primary issue is whether the district court properly granted defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), based upon its finding that plaintiff failed to establish the requisite elements in its pleading under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). For reasons stated hereinafter, we AFFIRM the judgment.
 
 I.
 
 2
 Plaintiff was a tenant at 407 North Grant Avenue in Columbus, Ohio. Defendant Seasonings Etcetera, Inc. ("Seasonings") occupied space in the same building on a floor above plaintiff. Plaintiff alleges that Seasonings was a trespasser, as it stored its inventory and equipment without paying rent. On August 9, 1988, the third floor of the building collapsed onto the second floor, fracturing a water main, which, according to the complaint, caused the flooding of the lower two floors. As a result, plaintiff alleged damage to its inventory, furniture, and equipment in the amount of $450,000. Defendant Buckeye Union Insurance Co. ("Buckeye"), the insurance carrier for plaintiff, investigated these allegations, using outside experts to determine the cause of the collapse, and concluded that the weight of Seasoning's inventory caused the third floor to collapse. Buckeye paid plaintiff the policy limit of $29,500.
 
 
 3
 Plaintiff filed a four-count complaint against Buckeye, American States Insurance Company ("American"), and their respective legal counsel: Lane, Alton & Horst ("Lane") and Wirtz & Kohn ("Wirtz"). Plaintiff also named as defendants Crabbe, Brown, Jones, Potts & Schmidt ("Crabbe"); Timothy McCarthy ("McCarthy"), an attorney employed by Buckeye; Seasonings; Florence Nay, an officer, director, and shareholder of Seasonings; and two unnamed persons.
 
 
 4
 Count I alleged RICO violations by all defendants. Count II alleged that Buckeye breached its fiduciary duty owed to plaintiff as a result of its insurance contract with plaintiff. Count III sought treble damages under 18 U.S.C. § 1964(c). Count IV requested that all licenses, franchises, and permits held by any of the defendants be canceled, pursuant to Chapter 2393 of the Ohio Revised Code.
 
 
 5
 On October 28, 1991, the district court granted defendants' motions to dismiss and for sanctions. Then, on November 12, 1991, plaintiff moved for relief from judgment pursuant to Fed.R.Civ.P. 60(b) and moved for a stay of proceedings pursuant to Fed.R.Civ.P. 62(b). On January 27, 1992, the district court filed its Opinion and Order and set the specific dollar amount of sanctions to be imposed against plaintiff's attorney. On February 20, 1992, plaintiff filed its notice of appeal.
 
 II.
 
 6
 Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a legal question subject to de novo review. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). The court must construe the complaint in the plaintiff's favor, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his or her claims that would entitle him or her to relief. Id.
 
 III.
 
 7
 Defendants argue that plaintiff filed an untimely appeal. However, though it is prima facie evidence that a decision or judgment has been made after the judge signs the document, Associated Press v. Taft-Ingalls Corp., 323 F.2d 114, 116 (6th Cir.1963), here the district court could not enforce its judgment until after determining the sanction amount. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199 (1988). Thus, the decision did not become final until after the amount was determined. Id. Accordingly, plaintiff filed a timely appeal on February 20, 1992, from the district court's January 27, 1992, order.
 
 
 8
 The essence of plaintiff's conspiracy theory is contained in Count I, which alleges that
 
 
 9
 [a]ll three insurance companies and their three law firms then joined together in a collusion and conspiracy to exculpate Seasonings and the Nays from the damages arising from the calamity caused by them. Buckeye had its 'in house' counsel, Timothy McCarthy, file an answer in the state court in [sic] behalf of plaintiff as part of the design to cripple plaintiff from any effort to pursue its claim.
 
 
 10
 Defendants argue, however, that a "pattern of racketeering activity" must be shown to impose civil or criminal RICO liability upon its violators, and that plaintiff has failed to allege facts which constitute a "pattern" under the RICO statutes. However, before the pattern requirement is considered, "racketeering activity" must be presented. 18 U.S.C. § 1961. The district court found, and we agree, that only four sections have possible relevance to this case: (1) 18 U.S.C. § 1503 (obstruction of justice); (2) 18 U.S.C. § 1512 (tampering with a witness, victim, or an informant); (3) 18 U.S.C. § 1513 (retaliating against a witness, victim, or an informant); and (4) 18 U.S.C. § 1957 (engaging in monetary transactions and property derived from specified unlawful activity).
 
 
 11
 First, it is a crime to "corruptly, or by threats or force, or by any threatening letter or communication, endeavor[ ] to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States." 18 U.S.C. § 1503. In the present litigation, plaintiff has failed to allege any conduct on the defendants' part which would satisfy this definition of "racketeering activity."
 
 
 12
 Second, "racketeering activity" includes "knowingly us[ing] intimidation or physical force ... with intent to cause or induce any person to withhold testimony ... from an official proceeding." 18 U.S.C. § 1512(b)(2)(A). Additionally, "racketeering activity" includes "knowingly engag[ing] in any conduct and thereby caus[ing] bodily injury to another person or damag[ing] the tangible property of another person ... with intent to retaliate against any person for" the attendance, testimony, or taking part in an official proceeding. 18 U.S.C. § 1513. In the present litigation, plaintiff has failed to allege improper influence over the state court proceedings adequate to constitute "racketeering activity."
 
 
 13
 Third, it is a crime to "knowingly engage[ ] or attempt[ ] to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000." 18 U.S.C. § 1957(a). In the present appeal, plaintiff has failed to allege any monetary transaction, particularly one containing criminally derived proceeds. Plaintiff has failed to plead racketeering activity and, thus, we need not consider whether a racketeering pattern existed. For the above stated reasons, plaintiff has failed to state a claim upon which relief can be granted under RICO. Accordingly, the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is affirmed.
 
 
 14
 In Count III, plaintiff requested treble damages under 18 U.S.C. § 1964. As it failed to state a claim upon which relief can be granted, plaintiff is not entitled to treble damages. Accordingly, the district court appropriately granted defendants' motion to dismiss Count III.
 
 
 15
 Count II and IV allege state law claims. As plaintiff's RICO claims have been dismissed, the next determination is whether jurisdiction is proper over the remaining claims. "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As state law issues are best decided by state courts, the district court did not abuse its discretion in declining to invoke jurisdiction for those two counts.
 
 
 16
 Plaintiff argues that sanctions were improperly imposed. Upon review of a district court's sanctions award, an appellate court applies an abuse of discretion standard. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). "[T]he court is expected to avoid using the wisdom of hindsight and should test the signor's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 401 (6th Cir.) (quoting Fed.R.Civ.P. 11 advisory committee's note to the 1983 amendment), cert. denied, 484 U.S. 927 (1987). The district court did not abuse its discretion, as it found that plaintiff had approximately two years in which to investigate its claims against defendants, stating: "[t]he Plaintiff did not meet any single aspect of the RICO claim pled. Indeed, plaintiff did not even provide the appropriate allegations. There is no doubt that plaintiff utterly failed to plausibly justify its RICO claim."
 
 
 17
 Defendants argue that plaintiff's arguments on appeal are irrelevant, illogical, and factually misrepresented and, thus, this appeal is frivolous and sanctions should be imposed. Romala Corp. v. United States, 927 F.2d 1219, 1222 (Fed.Cir.1991). If the appellate court determines that an appeal is frivolous, it may award just damages and single or double costs if the appeal is indeed frivolous, unreasonable or without foundation. Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987). If an appellant's legal position is doomed to failure and an objectively reasonable litigant should have recognized this, the appeal is frivolous. Toscano v. Chandris, S.A., 934 F.2d 383, 387 (1st Cir.1991). Plaintiff's accusations are based on speculation and are not grounded in evidence or fact. As the arguments do not constitute a legitimate attempt to reverse the district court's decision, sanctions should be imposed. See Hartz v. Friedman, 919 F.2d 469, 474-75 (7th Cir.1990). Even though Wirtz is the only party to request an appellate sanction award, this court, sua sponte, is awarding sanctions to all defendants against plaintiff's counsel. Fed.R.App.P. 38. Accordingly, the case is remanded to the district court to conduct a hearing to determine the proper amount and allocation of fees and costs. See NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 591-92 (6th Cir.1987).
 
 
 18
 Though plaintiff does not address the issue, defendants argue that Rule 60(b)(6) cannot provide relief for legal error absent other exceptional or extraordinary circumstances. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). We agree. Accordingly, the district court did not abuse its discretion in denying Plaintiff's motion for relief from judgment. Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985).
 
 
 19
 Therefore, the judgment of the district court is AFFIRMED, and this matter is REMANDED for a determination and allocation of attorney's fees and costs on appeal.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation