**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0538n.06

No. 11-1484

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*May 24, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| KARMON R. SHAYA, et al., | ) | |
| | ) | **ON APPEAL FROM THE** |
| Plaintiffs-Appellants, | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| v. | ) | **DISTRICT OF MICHIGAN** |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC., | ) | **AMENDED OPINION** |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:   BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge and QUIST, Senior District Judge.[*]

   QUIST, District Judge.

## BACKGROUND

On April 12, 2004, Plaintiff Samira Mansor obtained a mortgage from Defendant, Countrywide Home Loans, Inc. (Countrywide) to purchase a house. Plaintiff Karmon Shaya was added to the title of the house in 2007 and became personally liable for the note as a co-borrower after executing an assumption agreement. Plaintiffs stopped making payments on their loan in 2009. On August 25, 2010, Plaintiffs filed a complaint against only Countrywide, but alleged the following seven counts against Countrywide and non-parties: fraudulent misrepresentation (Defendant Countrywide) (Count I); fraudulent misrepresentation (Defendant Lehman) (Count II); violation of

---

[*]Honorable Gordon J. Quist, United States Senior District Judge for the Western District of Michigan, sitting by designation.

Michigan's Mortgage Broker Act (Count III); breach of contract (Count IV); quiet title (Count V); violation of Michigan's foreclosure statute, M.C.L.A. § 600.3204, *et seq.* (Count VI); and, injunctive relief (Count VII). Subsequently, Countrywide foreclosed upon Plaintiffs' house and eventually a Sheriff's sale took place on September 24, 2010.

The district court dismissed Plaintiffs' seven-count complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Plaintiffs timely appealed some of the district court's findings. For the reasons set forth below, we affirm the district court and award Countrywide sanctions against Plaintiffs' counsel.

## ANALYSIS

This Court conducts a *de novo* review of a district court's order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b). *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1991). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### I.    Failure to permit leave to amend

On August 25, 2010, Plaintiffs filed their complaint in Macomb County Circuit Court. On September 29, 2010, Countrywide removed the case to Eastern District of Michigan based on diversity jurisdiction. On October 6, 2010, Countywide filed its motion to dismiss. In the motion to dismiss, Countrywide notified Plaintiffs of numerous egregious errors in the complaint. For example, the complaint referenced "Defendant Lehman" and "Defendant Federal"–two non-parties

2

to the lawsuit. In addition, the complaint cited authority that does not exist. Plaintiffs did not initially respond to the motion to dismiss. In turn, on December 30, 2010, the district court ordered the Plaintiffs to show cause why Countrywide's motion should not be granted. Plaintiffs finally responded on January 7, 2011. Plaintiffs did not address many of the "typographical" errors in the complaint. The district court filed its opinion and order dismissing the complaint on March 22, 2011. Plaintiffs never moved to amend their complaint at any point.

Now, Plaintiffs state that they "never had the opportunity to amend their pleadings to comply with the United State[s] Court Rules before responding to the motion." (Pl.'s Br. at 1.) Had Plaintiffs had the opportunity, they allege, "they would have amended their pleadings to reflect that MERS [Mortgage Electronic Registration Systems, Inc.] had no standing to bring foreclosure by advertisement under Michigan's Foreclosure by Advertisement statute." (*Id.* at 1-2.) Moreover, Plaintiffs contend that even if their pleadings were insufficient, the district court was bound by law to permit amendment. (*Id.* at 2-3.)

A party may amend its pleading once as a matter of course within 21 days after serving it, or 21 days after service of a motion under Federal Rule of Civil Procedure 12(b). Fed. R. Civ. P. 15(a)(1). Plaintiffs failed to amend their complaint as a matter of course.

Despite Plaintiffs' failure to amend as a matter of course, under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). Plaintiffs never sought Countrywide's consent to amend nor did Plaintiffs ever move the district court for leave to amend their complaint. So, even though Plaintiffs allege that they "would have amended their pleadings," they did not. Moreover, even though leave must be freely given, a motion must first be made to the

3

district court. *See* Fed. R. Civ. P. 15(a)(2). We have noted in the past that "the party requesting leave to amend must act with due diligence if it wants to take advantage of [Rule 38's] liberality." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (internal quotation marks omitted). Never filing a request for leave to amend at all, despite a plethora of chances to do so, is the very antitheses of due diligence.

Therefore, Plaintiffs' allegation that they did not have the opportunity to amend their complaint and that they should have been entitled to amend it as a matter of law is disingenuous and is thus rejected.

## II.     New claim against MERS

Plaintiffs argue that "MERS did not have standing to bring foreclosure by advertisement." First, MERS is not a party to this lawsuit. Second, Plaintiffs did not make this argument to the district court. Since Plaintiffs did not raise the issue before the district court, they "have waived their right to argue the point on appeal." *United States v. Universal Mgmt. Servs., Inc.*, 191 F.3d 750, 758 (6th Cir. 1999); *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir. 1990) ("This court will not decide issues or claims not litigated before the district court."). Therefore, Plaintiffs' new claim against MERS is dismissed.

## III.     Violation of M.C.L.A. § 600.3204, *et seq.* (Count VI)

Plaintiffs contend that the district court erred by dismissing Count VI of their complaint, which alleges violations of Michigan's foreclosure statute, M.C.L.A. § 600.3204, *et seq.* Plaintiffs argue that no offer was made to them to enter into a loan modification as required by M.C.L.A. § 600.3205a. Plaintiffs state that they were in the process of modification discussions when the

4

Sheriff's sale was held. (Compl. ¶ 45.) Plaintiffs also allege that the foreclosure notice failed to comply with M.C.L.A. § 600.3205a. (Compl. ¶ 46.)

Count VI only makes allegations against "Defendant Lehman." Countrywide, however, is the only defendant in this case. The district court noted this error, and on appeal Plaintiffs do not address it.[1] *See United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) (noting that issues not raised by an appellant in his opening brief are deemed waived). Even if "Defendant Lehman" somehow violated Michigan's foreclosure statute that infringed on Plaintiffs' rights, the district court could not have provided relief since Defendant Lehman was not a party before the district court. Therefore, Count VI does not state a claim for which relief can be granted.

To the extent that Plaintiffs intended the allegations to apply to Countrywide, the district court would still be affirmed. As the district court said, Plaintiffs failed to support any of their conclusory statements that Countrywide's foreclosure failed to comply with M.C.L.A. § 600.3205 with factual allegations. Moreover, Plaintiffs do not dispute that Plaintiffs and Countrywide had not yet entered into a loan modification agreement.

Thus, the district court's dismissal of Count VI is affirmed.

### IV.     Fraudulent Misrepresentation Claims

Count I alleges that Countrywide made several fraudulent misrepresentations to Plaintiffs when Plaintiffs' loan was originated. Count II alleges that "Defendant Lehman" made fraudulent misrepresentations. On appeal, Plaintiffs contend that other misrepresentations are contained in Count III, which, very generally, alleges violations of the Truth in Lending Act (TILA), 15 U.S.C.

---

[1] Countrywide's motion to dismiss also pointed out this mistake to Plaintiffs. Likewise, Plaintiffs did not address the mistake in their response to Countrywide's motion.

§ 1601 *et seq.*, the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et. seq.*, and Michigan's Consumer Mortgage Protection Act (CMPA), M.C.L.A. § 445.1631 *et seq*.

The district court said that, pursuant to M.C.L.A. § 600.5813, Plaintiffs' fraudulent misrepresentation claims were barred by Michigan's six-year statute of limitations. *See Boyle v. Gen. Motors Corp.*, 468 Mich. 226, 232, 661 N.W.2d 557, 560 (2003) (holding that the six-year statute of limitations period begins when the fraud is done). The district court also found that Count III's allegations of TILA violations were time barred because TILA has a one-year statute of limitations. 15 U.S.C. § 1640(e).

Plaintiffs contend that "the statute of limitations applicable to the instant matter is 12 CFR 108 & 130, which provides that there is no time limit on willful violations of RESPA or TILA" that were intended to mislead a consumer. This Court, like the district court, was unable to find the Code of Federal Regulation sections that Plaintiffs cite and also could not find any case law to support Plaintiffs' contention.[2] Plaintiffs' frivolous argument has no merit or basis. Therefore, the district court's dismissal of Count I and Count III's allegations of TILA violations is affirmed because these claims are time barred.

---

[2] The district court noted that Plaintiffs' counsel previously had made this argument without providing any support for it.

> Plaintiffs' counsel, Julian Levant, had a similar case before this Court (*Koczara v. IndyMac Bank*, Case no. 10-14065). Mr. Levant cited these *same* CFRs in *Koczara*. In that case, the Court could not locate the CFRs and requested that Mr. Levant submit *any* authority to support his assertion that there is no statute of limitations applicable to willful violations. He did not submit the CFRs that he cited in his brief or any case law to support his assertion. Instead, Mr. Levant submitted [the] 133 page Comptroller's Handbook on the Truth in Lending Act, with no citation references.

(R. 11 at 8 n.1.)

6

The district court listed several other reasons to dismiss Counts II and III, but Plaintiffs do not address any of these reasons. Finding no error in the district court's reasoning, and since Plaintiffs have waived any argument that the district court erred in these regards, *see Johnson*, 440 F.3d at 846, the district court's dismissal of Counts II and III is also affirmed for the unaddressed reasons.

## V.      Quiet title claim (Count V)

Plaintiffs argue that the district court erred in dismissing Count V, which requests the court to quiet title in favor of Plaintiffs. On appeal, Plaintiffs' entire argument is:

> Plaintiffs-Appellants have sought relief to Quiet Title pursuant to MCL § 600.2932(5). *See Richards v. Tibaldi*, 272 Mich. App. 522, 528-29, 726 N.W.2d 770 (2006). Fraud, deceit and intentional violation of statutory duties are sufficient to permit the court to exercise its equitable powers.

(Pl.'s Br. at 7.)

As the district court noted, "quiet title" is not a separate cause of action, but rather, it is a remedy. Furthermore, *Richards* does not provide any support for Plaintiffs' claim. *Richards* has no relation whatsoever to Plaintiffs' claim. Thus, since the district court did not err by dismissing all of Plaintiffs' claims for failing to state a claim, the district court is affirmed for dismissing Plaintiffs' request to quiet title in their favor.

Moreover, Plaintiffs do not attempt to explain their allegations in Count V. For one, like other claims in the complaint, Count V references two defendants who are not a party to this action–"Defendant Federal" and "Defendant Lehman." In addition, Plaintiffs' complaint references the Sheriff's sale of their property as if it already had occurred, even though it did not occur until *one month after* Plaintiffs filed their complaint.

7

## VI.     Attorneys Fees

On August 11, 2011, Countrywide filed a separate motion for damages and costs under Federal Rule of Appellate Procedure 38. "Under Rule 38 of the Federal Rules of Appellate Procedure this Court may 'award just damages and . . . costs to the appellee' if it determines that an appeal is frivolous." *WSM, Inc. v. Tenn. Sales Co.*, 709 F.2d 1084, 1088 (6th Cir. 1983) (quoting Fed. R. App. P. 38). "Rule 38 should doubtless be more often enforced than ignored in the face of a frivolous appeal." *Id.* Here, the appeal is so lacking in legal and factual basis that it is frivolous. "In *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670 (6th Cir. 1999), we held that sanctions under FRAP 38 were appropriate when an appeal is 'wholly without merit' and when the appellant's 'arguments essentially had no reasonable expectation of altering the district court's judgment based on law or fact.'" *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 270 (6th Cir. 2008) (also stating that this Court does not require a finding of bad faith). Here, Plaintiffs' arguments are wholly without merit and had no reasonable expectation of altering the district court's judgment. Therefore, Countrywide will be awarded sanctions for defending this appeal.

The sanctions will be awarded against Plaintiffs' counsel because the blame sits on Plaintiffs' counsel's shoulders. Plaintiffs' counsel has made egregious errors in filing Plaintiffs' complaint which have gone uncorrected and unaddressed over a lengthy period of time. Moreover, Plaintiffs' counsel's citation to "12 CFR 108 & 130"–a citation that was made in two separate district court cases and now on appeal, and which *does not exist*–is frivolous, unreasonable, and without foundation. Plaintiffs' counsel's other arguments on appeal are not any better. The arguments do not address many of the reasons that the district court provided for dismissing each count and do not address any of the egregious errors made in the complaint. To make matters worse, on appeal,

Plaintiffs' counsel made an argument directed at *another nonparty*, MERS[3]–the third nonparty Plaintiffs' counsel advanced claims against–and also argued that he did not have the opportunity to amend Plaintiffs' complaint, a disingenuous argument considering Plaintiffs' counsel had several months to do so.

Therefore, Countrywide will be awarded sanctions against Plaintiffs' counsel. *See Royal Food Prods., Inc. v. Buckeye Union Ins. Co.*, 1993 WL 5907, at *3 (6th Cir. Jan. 13, 1993) (stating that, pursuant to Rule 38, "this court, sua sponte, is awarding sanctions to all defendants against plaintiff's counsel"). Accordingly, Countrywide will have fifteen days from the filing of this opinion to file an affidavit setting forth the hourly rates of its counsel and the number of hours spent in defending this appeal, and whatever documentation and argument in support thereof Countrywide's counsel deems appropriate. Plaintiffs' counsel may then file a response to this documentation within ten days. *See B & H Med.,* 526 F.3d at 272; *Wilton Corp.*, 188 F.3d at 678 (Gilman, J., concurring).

## CONCLUSION

Therefore, the district court is **AFFIRMED** and we **AWARD** Countrywide sanctions against Plaintiffs' counsel.

---

[3] This allegation is also directly contrary to the entire complaint. Plaintiffs allege that Countrywide, the defendant, not MERS, foreclosed upon their house.