Fitzgerald, J.
 

 Plaintiffs, Patricia E. Boyle and Pat Boyle Chevrolet, Inc., appeal as of right a circuit court order granting defendants’ motion for summary disposition pursuant to MCR 2.116(C)(7). We reverse and remand.
 

 Plaintiff Patricia Boyle applied to buy an existing Chevrolet dealership. Defendants required that she have sufficient operating capital to fund the dealership and set the capitalization figure at $350,000. Plaintiffs raised the money and took over an existing dealership in September 1988.
 

 In 1991, plaintiffs experienced financial difficulties and agreed to sell the dealership to Frank Lopez. A proposed agreement was submitted to defendants for their approval. Defendants represented to plaintiffs that “the rent factor in the agreement with Lopez was not in accordance with its accepted rent factor formula.” In reliance on defendants’ representation, plaintiffs did not complete the transaction with Lopez. Plaintiffs’ dealership went out of business in September 1992 “in the wake of financial problems.”
 

 In September 1993, plaintiffs learned that defendants had told the former owner of the dealership that “it was easier for General Motors to let Pat Boyle buy a dealership and watch her fail than it would have been to prevent her from buying a dealership.” In September 1995, plaintiffs learned that the dealership was woefully undercapitalized and doomed to fail. Sometime later that year, plaintiffs also learned from a General Motors employee that the rent factor in the proposed sales agreement with Lopez was within the company’s formula.
 

 
 *501
 
 Plaintiffs filed this action in August 1999 asserting two counts of fraud. First, that by setting the capitalization requirement at $350,000, defendants were representing that $350,000 was sufficient to “properly start and effectively operate” the dealership, that the representation was false at the time it was made, arid that plaintiffs relied on the misrepresentation. Plaintiffs assert that this misrepresentation was discovered in 1995. Second, that defendants falsely represented that the rent factor in the proposed agreement with Lopez “did not conform with the acceptable formula for rent factors.” Plaintiffs assert that this misrepresentation was also discovered in 1995.
 

 Defendants filed a motion for summaiy disposition, asserting that plaintiffs’ claims were barred by the statute of limitations. Relying on
 
 Thatcher v Detroit Trust Co,
 
 288 Mich 410; 285 NW 2 (1939), defendants argued that the discovery rule does not apply to a fraud action unless the defendant conceals the cause of action. Plaintiffs, citing
 
 Fagerberg v LeBlanc,
 
 164 Mich App 349; 416 NW2d 438 (1987), responded that the discovery rale applies to a fraud action and that
 
 Thatcher
 
 was no longer good law. The trial court found that it was bound by the
 
 Thatcher
 
 decision under the rule of stare decisis and granted defendants’ motion for summary disposition.
 

 The pivotal issue presented is whether the limitation period for plaintiffs’ fraud action began running when the alleged fraud occurred or, under the common-law discovery rule, when plaintiffs discovered it. Questions regarding statutes of limitation are reviewed de novo.
 
 Ins Comm’r v Aageson Thibo Agency,
 
 226 Mich App 336, 340-341; 573 NW2d 637 (1997).
 

 
 *502
 
 A fraud claim must be brought within six years from the time the claim accrues. MCL 600.5813;
 
 Kwasny v Driessen,
 
 42 Mich App 442, 445-446; 202 NW2d 443 (1972). A claim accrues when the “wrong” is done, MCL 600.5827, which has been interpreted to mean the time when the plaintiff was harmed rather than the time when the defendant acted.
 
 Stephens v Dixon,
 
 449 Mich 531, 534-535; 536 NW2d 755 (1995).
 

 The alleged wrongs in this case occurred in 1988 and 1991. Plaintiffs assert that the misrepresentations were discovered in 1995 when one of defendants’ employees “made revealing statements.” It is undisputed that plaintiffs did not file this action until 1999, more than two years after plaintiffs discovered the misrepresentations and more than six years after the alleged wrongs.
 

 However, the common-law discoveiy rule provides that, in certain circumstances, the limitation period does not begin to run until the plaintiff discovers, or should have “by the exercise of reasonable care” discovered, the cause of action.
 
 Johnson v Caldwell,
 
 371 Mich 368, 379; 123 NW2d 785 (1963). “Under limited circumstances, this Court has determined that the discovery rule governs the date certain claims accrue, despite identical statutory language.”
 
 Chase v Sabin,
 
 445 Mich 190, 195; 516 NW2d 60 (1994). The discovery rule, apparently adopted in Michigan in 1963,
 
 Johnson, supra
 
 at 379, has been applied by our Supreme Court to a variety of actions, including medical malpractice, products liability, and negligent misrepresentation.
 
 Stephens, supra
 
 at 537;
 
 Chase, supra
 
 at 196-197. The purpose of the statute of limitations is to provide a plaintiff “a reasonable opportunity to commence suit” and the discovery rule serves to avoid extinguishing the claim “before the plaintiff is aware
 
 *503
 
 of the possible cause of action . . .
 
 Id.
 
 at 195-196. The discoveiy rule is not available to claims of “ordinary negligence.”
 
 Stephens, supra
 
 at 537. The discovery rule is applied in “appropriate instances” and only where there is objective and verifiable evidence so that there is “some indicia of assurance of rehable fact finding.”
 
 Lemmerman v Fealk,
 
 449 Mich 56, 66, 74; 534 NW2d 695 (1995).
 

 Defendants argue that our Supreme Court has rejected application of the discovery rule to fraud cases. In both
 
 Thatcher, supra,
 
 and
 
 Ramsey v Child, Hulswit & Co,
 
 198 Mich 658, 667; 165 NW 936 (1917), the Court concluded that the statute of limitations did not begin to run when the plaintiff discovered his claim.
 

 This statute applies both at law and in equity. It will be observed that the legislature did not see fit to adopt the equitable rule to the full extent of allowing the six-year limitation period to be considered as beginning at the date of discovery of the cause of action, but chose rather to allow a period of two years from [the] date of such discovery within which to bring suit, as a special right, when by the strict terms of the general rule the action would be barred before the expiration of such two-year period. Under the two sections above quoted, a plaintiff now has, in any case, the full period of six years from the date of the fraudulent act, or other act creating his cause of action, within which to institute suit, and moreover, where the defendant has fraudulently concealed from him his cause of action, he has, under any circumstances, not less than the full period of two years from [the] date of discovery in which to bring his action.
 
 [Ramsey, supra
 
 at 667.]
 

 Since that time, it does not appear that our Supreme Court has applied the discovery rule to a fraud action. However, a panel of this Court in
 
 Fager
 
 
 *504
 

 berg, supra
 
 at 353-354, concluded that the discovery rule applies in actions for fraud or misrepresentation.
 

 In actions for fraud or misrepresentation the applicable limitation period is six years. MCL 600.5813; MSA 27A.5813;
 
 Kwasny v Driessen,
 
 42 Mich App 442, 445-446; 202 NW2d 443 (1972). In a tort action, the period of limitations “runs from the date the tort was committed, not the date the actor put his or her force wrongfully into motion.”
 
 Williams v Polgar,
 
 391 Mich 6, 23; 215 NW2d 149 (1974). The period of limitations does not begin running until the date when plaintiff knew or should have known of the misrepresentation.
 

 Unfortunately, the
 
 Fagerberg
 
 panel did not discuss the apparent conflict between its application of the discovery doctrine and the previous Supreme Court decisions in
 
 Thatcher
 
 and
 
 Ramsey.
 

 While it is true that our Supreme Court declined to apply the discovery rule in
 
 Thatcher
 
 and
 
 Ramsey,
 
 it is also true that
 
 Thatcher
 
 predated the adoption of the discovery rule in Michigan. See
 
 Johnson, supra
 
 at 378-379. Moreover, in a case involving negligent misrepresentation by an abstract company, our Supreme Court in
 
 Williams v Polgar,
 
 391 Mich 6, 25, n 18; 215 NW2d 149 (1974), quoted with approval a case involving fraud,
 
 Hillock v Idaho Title & Trust Co,
 
 22 Idaho 440, 449; 126 P 612 (1912), that had been quoted with approval in the Court of Appeals opinion in
 
 Williams,
 
 43 Mich App 95, 98; 204 NW2d 57 (1972): “ ‘ “If the statute runs in favor of the abstractor from the delivery of the abstract, the company would be released long before the falsity of the abstract could reasonably be discovered by the purchaser. This would not be justice, and ought not to be the law.” ’ ” The Supreme Court’s approval of
 
 Hillock
 
 supports the argument that there is no bar to the use of the discov
 
 *505
 
 ery rule in fraud actions. Further, the
 
 Fagerberg
 
 panel was aware of and quoted the Supreme Court’s decision in
 
 Williams
 
 in concluding that the discovery rule applies. Thus, we conclude that
 
 Fagerberg
 
 is good law and, therefore, we reverse the decision of the trial court.
 
 [1]
 

 Reversed and remanded. Jurisdiction is not retained.
 

 [1]
 

 Whether plaintiffs’ claims are actually timely under the discovery rule is an issue not raised by the parties and not decided by the trial court, so it need not be resolved here.
 
 Lowman v Karp,
 
 190 Mich App 448, 454; 476 NW2d 428 (1991) (this Court’s review is limited to issues actually decided by the trial court).