**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MAY 28, 2003**

PATRICIA ELLEN BOYLE and
PAT BOYLE CHEVROLET, INC.

 Plaintiffs-Appellees,

v

No. 121661

GENERAL MOTORS CORPORATION,
CHEVROLET DIVISION and
MOTORS HOLDING DIVISION,

 Defendants-Appellants.

_____

PER CURIAM

 This case presents the question whether an action for fraud accrues under MCL 600.5827 at the time the wrong was done, or whether it accrues on the date the plaintiff knew or should have known of the fraud or misrepresentation. The Court of Appeals reversed summary disposition for defendants, holding that a discovery rule of accrual applies to fraud actions. 250 Mich App 499; 655 NW2d 233 (2002). We reverse the judgment of the Court of Appeals and reinstate the order of the circuit court because MCL 600.5827 clearly applies and because prior decisions by this Court rejecting a discovery

rule in fraud cases have never been overruled.[1]

I

Plaintiff Patricia Boyle took over an existing car dealership in September 1988. The dealership went out of business in September 1992. Plaintiffs claim that they learned in September 1995 that the dealership was undercapitalized, even though plaintiffs raised the amount of money defendants said was sufficient to run the business. Plaintiffs also claim that in 1995 they learned that defendants falsely represented that a "rent factor" in a proposed agreement to sell the dealership did not conform with defendants' standards, as a result of which the sale was not completed.

Plaintiffs filed a complaint alleging two counts of fraud in August 1999. Defendants filed a motion for summary disposition, arguing that plaintiffs' claims are barred by the six-year period of limitation in MCL 600.5813.[2] Defendants argued that plaintiffs' claims accrued under MCL 600.5827 at the time the wrongs on which the claims are based were done. Plaintiffs responded that a discovery rule applies to the

---

[1] Although MCL 600.5855 allows a cause of action that was fraudulently concealed to be brought within two years after it is discovered, plaintiffs do not allege fraudulent concealment.

[2] "All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes." MCL 600.5813.

accrual of a fraud action, i.e., a fraud action does not accrue until a plaintiff discovers, or should have discovered by the exercise of reasonable care, the cause of action, citing *Fagerberg v LeBlanc*, 164 Mich App 349; 416 NW2d 438 (1987). Defendants replied that there is no discovery rule in fraud cases, relying on *Thatcher v Detroit Trust Co*, 288 Mich 410; 285 NW 2 (1939). The circuit court determined that it was bound by the *Thatcher* decision and granted defendants' motion for summary disposition.

On appeal as of right, the Court of Appeals reversed. The Court noted that in *Thatcher* and *Ramsey v Child, Hulswit & Co*, 198 Mich 658; 165 NW 936 (1917), this Court rejected application of a discovery rule to fraud cases. However, the Court noted that *Fagerberg* held that the discovery rule applies in actions for fraud or misrepresentation without any discussion of the apparent conflict with the decisions in *Thatcher* and *Ramsey*. The Court of Appeals concluded that *Fagerberg* was correctly decided and that the subsequent adoption of the discovery rule in Michigan undercut the precedential value of *Thatcher* and *Ramsey*.

> While it is true that our Supreme Court declined to apply the discovery rule in *Thatcher* and *Ramsey*, it is also true that *Thatcher* predated the adoption of the discovery rule in Michigan. See *Johnson* [*v Caldwell*, 371 Mich 368, 378-379; 123 NW2d 785 (1963)]. Moreover, in a case involving negligent misrepresentation by an abstract company, our Supreme Court in *Williams v Polgar*, 391 Mich 6, 25, n 18; 215 NW2d 149 (1974), quoted with approval a case involving fraud, *Hillock v Idaho Title &*

*Trust Co*, 22 Idaho 440, 449; 126 P 612 (1912), that had been quoted with approval in the Court of Appeals opinion in *Williams* [*v Polgar*], 43 Mich App 95, 98; 204 NW2d 57 (1972): "'"If the statute runs in favor of the abstractor from the delivery of the abstract, the company would be released long before the falsity of the abstract could reasonably be discovered by the purchaser. This would not be justice, and ought not to be the law."'" The Supreme Court's approval of *Hillock* supports the argument that there is no bar to the use of the discovery rule in fraud actions. Further, the *Fagerberg* panel was aware of and quoted the Supreme Court's decision in *Williams* in concluding that the discovery rule applies. Thus, we conclude that *Fagerberg* is good law and, therefore, we reverse the decision of the trial court. [250 Mich App 504-505.]

Defendants have applied for leave to appeal.

## II

We review de novo the interpretation and application of a statute as a question of law. If the language of the statute is clear, no further analysis is necessary or allowed. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). In the absence of disputed facts, the question whether a cause of action is barred by the statute of limitations is also a question of law. *Moll v Abbott Laboratories*, 444 Mich 1, 26; 506 NW2d 816 (1993).

## III

This is not the first time that this Court has considered the question whether a cause of action for fraud accrues when it is or should have been discovered. The discovery rule was rejected in *Ramsey*, which held that the Legislature effected a compromise between the rule at law, under which the statute

4

of limitations begins to run from the time the fraud is perpetrated, and the rule at equity, under which the statute begins to run when the fraud is discovered. In addition to the six-year statute of limitations applicable to frauds, the Legislature provided that if the cause of action was fraudulently concealed, it could be brought two years after it was discovered or should have been discovered.[3]

Subsequently, in *Thatcher,* this Court again rejected the claim that a cause of action for fraud accrues when it is discovered or should have been discovered, basing that conclusion on *Ramsey* and the statutes then in effect.[4]

---

[3] At issue in *Ramsey* were 1915 CL 12323 and 12330, the predecessors of MCL 600.5813 and 600.5855, the six-year statute of limitations applicable to fraud actions and the fraudulent-concealment statute, respectively. In *Ramsey*, this Court explained:

It will be observed that the legislature did not see fit to adopt the equitable rule to the full extent of allowing the six-year limitation period to be considered as beginning at the date of discovery of the cause of action, but chose rather to allow a period of two years from date of such discovery within which to bring suit, as a special right, when by the strict terms of the general rule the action would be barred before the expiration of such two-year period. Under the two sections above quoted, a plaintiff now has, in any case, the full period of six years from the date of the fraudulent act, or other act creating his cause of action, within which to institute suit, and moreover, where the defendant has fraudulently concealed from him his cause of action, he has, under any circumstances, not less than the full period of two years from date of discovery in which to bring his action. [198 Mich 667.]

[4] The period of limitation and the exception for fraudulent concealment at that time were codified at 1929 CL

5

The discovery rule has been adopted for certain cases. For example, in *Johnson v Caldwell*, the Court held that the discovery rule applies to actions for medical malpractice. This Court has not, however, overruled *Ramsey* and *Thatcher*, or held that the discovery rule applies to actions for fraud or intentional misrepresentation. Moreover, after *Ramsey* and *Thatcher* were decided the Legislature enacted MCL 600.5827, which provides:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

Under MCL 600.5827 a claim accrues when the wrong is done,[5] unless §§ 5829 to 5838 apply.[6] Plaintiff does not claim that any of those sections apply.

The Court of Appeals erred in holding that the discovery rule applies to the accrual of actions for fraud. That holding directly contradicts *Ramsey* and *Thatcher* and ignores the plain language of MCL 600.5813 and 600.5827.

---

13976 and 13983.

[5] The wrong is done when the plaintiff is harmed rather than when the defendant acted. *Stephens v Dixon*, 449 Mich 531, 534-535; 536 NW2d 755 (1995).

[6] Those sections govern the accrual of claims regarding entry on or recovery of land, mutual and open account current, breach of warranty or fitness, common carriers to recover charges or overcharges, life-insurance contracts where the claim is based on the seven-year presumption of death, installment contracts, alimony payments, and malpractice.

6

Plaintiffs' cause of action accrued when the wrong was done, and they had six years thereafter to file a complaint. Because plaintiffs failed to do so, their cause of action is barred. Accordingly, we reverse the judgment of the Court of Appeals and reinstate the order of the circuit court granting summary disposition for defendants. MCR 7.302(F)(1).

Maura D. Corrigan
Michael F. Cavanagh
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

WEAVER, J.

I dissent and would grant leave to appeal.

Elizabeth A. Weaver