LAURA v DAIMLERCHRYSLER CORPORATION

Docket No. 263332. Submitted December 15, 2005, at Lansing. Decided January 17, 2006, at 9:10 a.m.

Matthew Laura brought an action in the Washtenaw Circuit Court against DaimlerChrysler Corporation, alleging a violation of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*, for DaimlerChrysler's failure to warn of a vehicle's alleged defective cylinder head gasket design. The defendant moved for summary disposition, arguing that the action is barred by the six-year statute of limitations, MCL 445.911(7), because it was brought more than six years after the sale of the vehicle. The court, Donald E. Shelton, J., denied the motion, ruling that the action is timely because it was brought within six years of when the gasket first failed. The Court of Appeals denied leave to appeal. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for consideration of the case as on leave granted. 472 Mich 926 (2005).

The Court of Appeals *held*:

The circuit court erred in denying the defendant's motion for summary disposition. The period of limitations for a violation of the statutory duty to reveal a material fact, the omission of which tends to mislead or deceive the consumer and which could not reasonably be known by the consumer, MCL 445.902(1)(s), is the later of six years after the occurrence of the method, act, or practice that is the subject of the action or one year after the last payment date in a transaction involving the method, act, or practice, MCL 445.911(7). In this case, the six-year period of limitations would be the later of the two to end. The period of limitations commenced at the time of the transaction, i.e., when the negotiations for the sale of the car to the plaintiff resulted in a sale, not when the head gasket first began leaking, as the circuit court concluded. The Michigan Consumer Protection Act supersedes the common-law rule that fraud claims do not accrue until an injury has occurred.

Reversed and remanded for entry of an order of summary disposition for the defendant.

LIMITATION OF ACTIONS — CONSUMER PROTECTION ACT — DUTY TO REVEAL
MATERIAL FACTS — PRODUCT DEFECTS — LIMITATIONS PERIOD COMMENCE-
MENT.

Under the Michigan Consumer Protection Act, the period of limita-
tions for a violation of the act in the form of failing to reveal a
material fact, the omission of which tends to mislead or deceive the
consumer and which could not reasonably be known by the
consumer, is the later of six years after the occurrence of the
method, act, or practice that is the subject of the action or one year
after the last payment date in a transaction involving the method,
act, or practice; in an action alleging failure to reveal the defective
design of a product's component, the six-year period of limitations
commences at the time of the transaction, i.e., when the negotia-
tions for the sale of the product resulted in a sale, not at the later
time when an injury occurs (MCL 445.902[1][s], 445.911[7]).

*Roy, Shecter & Vocht, P.C.* (by *Lynn H. Shecter,
Michelle E. Vocht,* and *Brian P. Swanson*), for the
plaintiff.

*Bush Seyferth Kethledge & Paige PLLC* (by *Raymond
M. Kethledge*) for the defendant.

Before: FITZGERALD, P.J., and O'CONNELL and KELLY,
JJ.

PER CURIAM. Following an order of remand from our
Supreme Court,[1] defendant DaimlerChrysler Corpora-
tion appeals as on leave granted the order denying its
motion for summary disposition in this case brought
pursuant to the Michigan Consumer Protection Act
(MCPA), MCL 445.901 *et seq.* We reverse and remand.

In August 1997 plaintiff Matthew Laura purchased a
used 1996 Dodge Neon with 17,000 miles on it from
Arbor Dodge in Ann Arbor. On December 15, 1997,
when the Neon had approximately 27,000 miles on it,
plaintiff brought the vehicle to Arbor Dodge because of

[1] *Laura v DaimlerChrysler Corp*, 472 Mich 926 (2005).

leaking oil. Arbor Dodge replaced the cylinder head gasket at no charge to plaintiff. On January 19, 1999, when the Neon had approximately 52,000 miles on it, Arbor Dodge service technicians recorded another head gasket leak that they repaired instead of replacing the head gasket. On January 15, 2001, when the Neon had approximately 80,000 miles on it, Arbor Dodge replaced the head gasket for the second time at no charge to plaintiff.

On January 11, 2001, plaintiff retained an attorney. In August 2003, plaintiff traded in the Neon at a Mazda dealership and received a $200 trade-in allowance toward the purchase of a new Mazda. In November 2003 plaintiff filed a complaint alleging, in pertinent part, that defendant's failure to warn of the vehicle's alleged defective head gasket design violated MCL 445.903(1)(s) of the MCPA.[2] The trial court denied defendant's motion for summary disposition, rejecting defendant's argument that plaintiff's action is barred by the applicable statute of limitations. The court opined that "the occurrence for purposes of subsection S [MCL 445.903(1)(s)] in this case was when the gasket first failed." We review de novo both the trial court's decision to deny defendant's motion for summary disposition and questions of statutory interpretation. *People v Perkins*, 473 Mich 626, 630; 703 NW2d 448 (2005); *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

MCL 445.903(1) provides in relevant part:

Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:

---

[2] The plaintiff sought class action certification, but the trial court has not yet heard plaintiff's motion for class certification.

\* \* \*

(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

And MCL 445.911(7) provides as follows:

An action under this section shall not be brought more than 6 years after the occurrence of the method, act, or practice which is the subject of the action nor more than 1 year after the last payment in a transaction involving the method, act, or practice which is the subject of the action, whichever period of time ends at a later date. However, when a person commences an action against another person, the defendant may assert, as a defense or counterclaim, any claim under this act arising out of the transaction on which the action is brought.

When faced with questions of statutory interpretation, the courts must discern and give effect to the Legislature's intent as expressed in the words in the statute. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). Where the language is unambiguous, it must be presumed that the Legislature intended the meaning clearly expressed, and no further judicial interpretation is permitted. *Id.*

The plain language of § 3(1)(s) states that failure to reveal a material fact, the omission of which tends to mislead or deceive the consumer and which fact could not reasonably be known by the consumer, is an unfair, unconscionable, or deceptive method, act, or practice in the conduct of trade or commerce. And the plain language of § 11(7) states that an action shall not be brought more than six years after the occurrence of the method, act, or practice. Reading these two sections together, an action under § 11(7) shall not be brought more than six years after the occurrence of "[f]ailing to reveal a material fact, the omission of which tends to

mislead or deceive the consumer . . . ." MCL 455.903(1)(s). Plaintiff alleged that the head gasket design flaw in the Neon is a material fact that defendant failed to reveal.

In *Zine v Chrysler Corp*, 236 Mich App 261, 282-283; 600 NW2d 384 (1999), the Court considered the term "material" as it is used in subsections s and cc of § 3(1). Specifically, the Court considered whether the materiality of the facts in question "must be 'tested at the time of the transaction, not post-sale.' " *Zine, supra* at 282. At issue was a booklet provided to the plaintiffs after the purchase of their vehicles had been completed. *Id.* at 263. Analogizing to common-law fraud, the Court concluded that "a material fact for purposes of the MCPA would . . . be one that is important to the transaction or affects the consumer's decision to enter into the transaction." *Id.* at 283. In *Zine*, the transaction had already been defined to be "the negotiations that concluded in Zine's agreement to buy the truck." *Id.* at 280.

Here, plaintiff does not dispute that the "transaction" was the negotiations that led to the purchase of the Neon. The failure to reveal the alleged head gasket design flaw, a fact that was "important to the transaction," *id.* at 283, and would have affected plaintiff's "decision to enter the transaction," *id.*, occurred at that time. Accordingly, the statutory period of limitations expired in August 2003, nearly three months before plaintiff filed his complaint.[3]

Nevertheless, plaintiff asserts that because fraud claims do not accrue until an injury has occurred, his MCPA claim did not accrue, and the period of limita-

---

[3] Further, because the final payment on the Neon was made in May 2000, the six-year period is applicable because the one-year period would have expired in May 2001. MCL 445.911(7) states that the applicable period is determined by considering which "ends at a later date."

tions did not begin to run, until the head gasket began leaking. This argument is predicated on the notion that the MCPA should be construed by referring to common-law fraud for guidance. But the determination of when fraud claims accrue is now controlled by statute and not the common law. *Boyle v Gen Motors Corp,* 468 Mich 226, 230; 661 NW2d 557 (2003).

Reversed and remanded for an entry of an order of summary disposition in favor of defendant. Jurisdiction is not retained.[4]

---

[4] In light of our conclusion that plaintiff's action is barred by the statute of limitations, we need not address the remaining issues raised by defendant, none of which we find to be meritorious.