# STATE OF MICHIGAN

# COURT OF APPEALS

AHDAWANTAZALAM AARON,

Plaintiff-Appellant,

v

IB PROPERTY HOLDINGS, LLC,

Defendant-Appellee.

UNPUBLISHED
November 29, 2018

No.  338575
Wayne Circuit Court
LC No.  16-015365-CZ

Before:  JANSEN, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

Plaintiff, appearing *in propria persona*, appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(8) and (C)(10).  For the reasons set forth below, we affirm.

## I.  FACTS

On January 17, 2007, plaintiff purchased from defendant, property located on Grand River Avenue in Detroit, Michigan.  Defendant had purchased the property in May 2005 from Wachovia Bank, which, in turn, had acquired the property at a foreclosure sale after the previous owner defaulted on a mortgage.  Situated atop a building on the property was a billboard that, unbeknownst to plaintiff, had been leased in 2003 by the previous owner to CBS Outdoors, Inc.  After plaintiff removed the existing advertisement from the billboard and attempted to rent it, CBS objected, leading to litigation regarding ownership of the billboard that was ultimately appealed to this Court.  The substance and history of that litigation was summarized by the Court in its opinion in that case as follows:

> When defendant [CBS] contacted [plaintiff Aaron] and protested [against his use of the billboard], plaintiff insisted that he owned the billboard and refused to agree to a new lease agreement.  After bringing suit against plaintiff, defendant eventually removed the billboard with plaintiff's consent.  Defendant informed plaintiff that local ordinances prohibited him from placing a new billboard on his property, as defendant was the owner of the billboard permit at that location.

> Despite this notice, plaintiff erected his own billboard on the property.  It was promptly deemed illegal by the Michigan Department of Transportation

-1-

(MDOT), because plaintiff lacked the proper permits, and the MDOT ordered him to remove the signage.

> Plaintiff, representing himself, then brought this suit in the Wayne Circuit Court. He asserted that defendant unlawfully removed the billboard from his property, and demanded its return. Defendant filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10), and argued that plaintiff could not prevail under Michigan's claim and delivery statute because he: (1) consented to the billboard's removal; and (2) did not (and never did) own the billboard. The trial court agreed, and held that: (1) defendant owned the billboard; and (2) plaintiff's action under MCL 600.2920 necessarily failed, because he could not raise this claim as to property that he did not (and had never) owned. It accordingly granted defendant summary disposition under MCR 2.116(C)(8) and (C)(10). [*Aaron v CBS Outdoors, Inc*, unpublished per curiam opinion of the Court of Appeals, issued December 11, 2014 (Docket No. 317552) (citation omitted).]

This court affirmed the trial court's decision, holding that plaintiff's claim and delivery action failed because the billboard was a trade fixture owned at all times by CBS.

Plaintiff initiated the present suit on November 28, 2016, alleging that defendant failed to disclose CBS's claim to the billboard prior to selling the property and that CBS's lease, permit, and variance were never recorded with the register of deeds. Although the exact cause of action asserted against defendant in the complaint is unclear, the trial court and defendant construed it as a claim of fraud.[1] Defendant filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10), and plaintiff neither responded to the motion nor appeared at the hearing. The trial court granted summary disposition in favor of defendant on the grounds that plaintiff's complaint failed to plead the elements of any cause of action against defendant and that any claim for fraud was barred by the statute of limitations. The trial court also denied plaintiff's motion for reconsideration and two motions to vacate the order granting summary disposition.

## II. ANALYSIS

On appeal, plaintiff does not challenge the trial court's determination under MCR 2.116(C)(8) that he failed adequately to plead any cause of action, nor does he claim that he asserted any claim against defendant other than fraud. Rather, plaintiff contends both that this Court erred in its determination of the prior appeal against CBS and that that the trial court

---

[1] Although plaintiff moved twice to amend his complaint, the trial court denied these motions. In substance, the proposed amended complaints advanced the same allegations incorporated in plaintiff's original complaint but further provided that relief was sought under MCL 600.5855. This statute does not set forth a cause of action but rather extends the statute of limitations in the event of fraudulent concealment of a potential claim. However, plaintiff confirms in his brief on appeal that his cause of action is fraud.

misapplied the statute of limitations, deprived plaintiff of the opportunity to complete discovery, and failed to consider the documentary evidence submitted in support of his claim. We disagree.

Initially, we address plaintiff's argument that this Court wrongly decided the prior appeal against CBS. In the present case, plaintiff alleges in the complaint and on appeal that CBS's claim of ownership of the billboard without proof of a valid lease, permit, or variance constitutes fraud.[2] As relief, plaintiff seeks a declaration that he, and not CBS, was the owner of the billboard. However, CBS is not a party to the litigation, nor is the validity of CBS's claim of ownership relevant to defendant's liability for fraud. This Court may not adjudicate the rights of a person or entity that is not a party to the case. See *Shouneyia v Shouneyia*, 291, 323; 807 NW2d 48 (2011). Further, plaintiff previously had a full and fair opportunity to litigate CBS's claim of ownership of the billboard, resulting in a final determination by this Court. Plaintiff availed himself of his right to appeal this Court's decision by seeking leave to appeal both in the Michigan Supreme Court and the Supreme Court of the United States, and those applications were denied. Therefore, even if CBS had been named as a party to the present dispute, the doctrine of collateral estoppel would apply to prevent plaintiff from re-litigating this matter. See *Monat v State Farm Ins Co*, 469 Mich 679, 691; 677 NW2d 843 (2004) (holding that when collateral estoppel is asserted defensively, it prevents the relitigation of an issue when the plaintiff had a full and fair opportunity to litigate the issue in a prior proceeding resulting in a valid and final judgment). We therefore decline to review the Court's previous decision regarding CBS's ownership of the billboard.

We next turn to plaintiff's arguments on appeal concerning the trial court's determination in the present case. This Court reviews de novo a trial court's order granting summary disposition on statute of limitations grounds. *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 553; 837 NW2d 244 (2013). A party may seek summary disposition under MCR 2.116(C)(7) on the ground that the claims asserted against it are barred by the statute of limitations.[3] Although a motion brought under MCR 2.116(C)(7) does not require supportive material, *id.*, the trial court may consider documentary evidence presented by the parties, *Reserve at Heritage Village Ass'n v Warren Fin Acquisition, LLC*, 305 Mich App 92, 111; 850 NW2d 649 (2014). Allegations set forth in the complaint are presumed to be true unless contradicted by the documentary evidence. *Fisher Sand*, 494 Mich at 553. In the absence of disputed facts,

---

[2] Though this claim was not specifically addressed by the trial court, we are not precluded from reviewing it on appeal. See *Loutts v Loutts*, 298 Mich App 21, 23-24; 826 NW2d 152 (2012) (holding that a claim raised before the trial court and pursued on appeal is preserved for appellate review).

[3] Although defendant sought summary disposition pursuant to MCR 2.116(C)(8) and (C)(10) as opposed to (C)(7), this Court has previously held that "[i]f summary disposition is granted under one subpart of the court rule when judgment is appropriate under another subpart, the defect is not fatal. The mislabeling of a motion does not preclude review where the lower court record otherwise permits it." *Ellsworth v Highland Lakes Dev Assoc*, 198 Mich App 55, 57-58; 498 NW2d 5 (1993).

whether the applicable statute of limitations bars an action is a question of law to be resolved by the court. *Moll v Abbott Laboratories*, 444 Mich 1, 5-6; 506 NW2d 816 (1993).

The limitations period applicable to a claim of fraud is six years after the claim accrues. MCL 600.5813; see also *Adams v Adams*, 276 Mich App 704, 710; 742 NW2d 399 ("[C]laims sounding in fraud are subject to the residual six-year limitations period of MCL 600.5813."). Generally, a claim of fraud accrues when the wrongful act is committed "regardless of the time when damage results." See MCL 600.5827. However, MCL 600.5855 provides that if the existence of a claim or the identity of any person liable for the claim is fraudulently concealed, "the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim."[4] This provision applies only when the plaintiff has no knowledge of a possible cause of action, and a plaintiff will be held to know what he ought to have discovered through the exercise of ordinary diligence. *Eschenbacher v Hier*, 363 Mich 676, 681-682; 110 NW2d 731 (1961).

In the present case, the fraud alleged by plaintiff is defendant's failure to disclose CBS's interest in the billboard when plaintiff purchased the property on January 17, 2007. A cause of action on this ground would have accrued on the date of purchase, and, under MCL 600.5813, the limitations period would have lapsed on January 17, 2013. Alternatively, assuming that plaintiff's claim was fraudulently concealed initially, he nonetheless should have become aware of it in January 2008, when plaintiff alleges the dispute with CBS regarding its lease and ownership of the billboard arose. Plaintiff offers no argument explaining why he should not have been aware of his claim against defendant at this time. Therefore, under MCL 600.5855, the limitations period would have expired in January 2010. Plaintiff did not initiate the present suit until November 28, 2016 – three years after the limitations period under MCL 600.5813 expired. Accordingly, we conclude that the trial court properly determined that plaintiff's claim of fraud was barred under the statute of limitations.

Next, plaintiff argues that the trial court erred in granting summary disposition while discovery was ongoing. Plaintiff claims he was deprived of the opportunity to obtain evidence that CBS had a valid lease and that it attained a valid billboard permit and variances from the zoning board. This argument is lacking in merit.

---

[4] Defendant's suggestion that the discovery period set forth by MCL 600.5855 does not apply to claims of fraud, as purportedly set forth in *Boyle v Gen Motors Corp*, 468 Mich 226, 227; 661 NW2d 557 (2003), is erroneous. *Boyle* declined to apply the common law or equitable "discovery rule" under which the limitations period begins to run when the fraud is or should have been discovered; however, it expressly recognized that, in the case of fraudulent concealment under MCL 600.5855 and its predecessor statute, the Legislature intended that the limitations period would expire two years from the date of discovery. *Id*. at 230 n 3, quoting *Ramsey v Child, Hulswit & Co*, 198 Mich 658, 667; 165 NW 936 (1917). The plaintiff in *Boyle* did not allege fraudulent concealment under MCL 600.5855, *id*. at 227 n 1, whereas plaintiff in the instant case does rely on this provision.

Summary disposition is " 'generally premature if discovery has not been completed unless there is no fair likelihood that further discovery will yield support for the nonmoving party's position.' " *Anzaldua v Neogen Corp*, 292 Mich App 626, 636; 808 NW2d 804, quoting *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33-34; 772 NW2d 801 (2009).[5] The documents plaintiff seeks to obtain through discovery do not relate to the trial court's basis for granting summary disposition but rather concern to the merits of his claim. Accordingly, plaintiff has failed to demonstrate that further discovery would reveal any evidence refuting the trial court's conclusion that plaintiff's claim is barred under the statute of limitations. See *id*. (holding that additional discovery into the merits of a claim would fail to refute the trial court's conclusion that the action was time-barred).

Similarly, plaintiff contends that the trial court failed to consider documentary evidence submitted in support of his claim, including a warranty deed, title insurance policy, owner's affidavit, property index search, and a letter from defense counsel indicating that he did not personally possess documents relating to CBS's billboard permits and variances. Again, these documents concern the merits of plaintiff's claim and not the basis for the trial court's decision to grant summary disposition. Plaintiff offers no documents demonstrating that his claim is not barred by the statute of limitations.

Plaintiff also argues that the trial court's order granting defendant's motion for summary disposition does not state the grounds on which it was granted. We reject this argument. The trial court's written order states that it grants defendant's motion "for the reasons stated on the record." During oral argument, the trial court stated that the complaint failed to properly plead any theory of recovery and that, with respect to plaintiff's fraud claim:

> There's no genuine issue as to any material fact the Plaintiff may not recover on a theory of fraud because that claim is barred by the applicable statute of limitations.
>
> MCL 600.5813 bars actions that are not commenced within six years after the claim occurred.
>
> Plaintiff alleges the purchase occurred in 2007. He alleges he became aware of any alleged misrepresentation in at least 2008. He failed to file suit within six years.

---

[5] Though not advanced in plaintiff's brief on appeal, any argument that the trial court's alleged deprivation of discovery and failure to consider documentary evidence would impact its ruling under MCR 2.116(C)(8) that plaintiff failed to plead the elements of any cause of action would be unavailing. A motion brought under MCR 2.116(C)(8) "tests the legal sufficiency of the complaint solely on the basis of the pleadings," and a party may not support such a motion with documentary evidence. *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 305-305; 788 NW2d 679 (2010).

> Therefore even if it was properly plead [sic] there is no basis based upon the statute of limitations for him to proceed.

Based on the foregoing, the trial court clearly expressed on the record its rationale for granting defendant's motion for summary disposition. Plaintiff has cited to no authority precluding a trial court from announcing the basis for its decision on the record and referencing that rationale in a written order.

Finally, plaintiff asserts that defendant failed to serve or provide him notice of the hearing on defendant's motion for summary disposition. Again, we find this argument devoid of merit. Wayne Circuit Court mandates that all civil cases be electronically filed. Amended Administrative Order No. 2011-1, 493 Mich cli (2013). Further, all parties are to provide the court and opposing parties with an e-mail address, and "[a]ll service shall originate from *and be perfected upon this e-mail address*." Administrative Order No. 2011-1, 489 Mich lxxvi, lxxxi (2011) (emphasis added). The register of actions in the present case reflects that defendant electronically filed its motion, notice of hearing, and praecipe with Wayne Circuit Court on February 24, 2017. The notice of hearing indicated that defendant's motion would be heard on April 28, 2017, at 9:00 a.m. A receipt issued to defendant upon electronically filing its motion for summary disposition indicates that plaintiff was indeed served with these documents at his e-mail address. Accordingly, service of defendant's motion was perfected. To the extent that plaintiff argues he cancelled a hearing regarding his own motion for discovery that was scheduled to take place on April 28, 2017, such an action had no effect on the hearing noticed for defendant's motion for summary disposition. Accordingly, we conclude that the trial court did not err in granting defendant's motion for summary disposition.

Affirmed.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello